## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| **DEBORAH GARNER**, | ) | CASE NO. |
| | ) | |
| *Individually and on behalf of all others* | ) | JUDGE |
| *similarly situated,* | ) | |
| | ) | **PLAINTIFF'S CLASS ACTION AND** |
| Plaintiff, | ) | **COLLECTIVE ACTION** |
| | ) | **COMPLAINT** |
| *v.* | ) | |
| | ) | ***(Jury Demand Endorse Hereon)*** |
| **THE CLEVELAND CLINIC** | ) | |
| **FOUNDATION** | ) | |
| ***d/b/a* CLEVELAND CLINIC** | ) | |
| c/o Statutory Agent | ) | |
| CT Corporation System | ) | |
| 4400 Easton Commons Way, Suite 125 | ) | |
| Columbus, Ohio 43219 | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff Deborah Garner, on behalf of herself and all others similarly situated, for her

Class and Collective Action Complaint against Defendant The Cleveland Clinic Foundation, *also*

*doing business as* Cleveland Clinic (hereinafter also referred to as "Cleveland Clinic" or

"Defendant"), states and alleges the following:

## INTRODUCTION

1.      The Fair Labor Standards Act of 1938, as amended (the "FLSA"), 29 U.S.C. §

201, *et seq.*, is a broadly remedial and humanitarian statute designed to correct "labor conditions

detrimental to the maintenance of the minimum standard of living necessary for health,

efficiency, and general well-being of workers[,]" 29 U.S.C. § 202(a), as well as "to protect all

covered workers from substandard wages and oppressive working hours." *Barrentine v. Ark Best*

*Freight Sys. Inc.*, 450 U.S. 728, 739 (1981). The FLSA required Defendant Cleveland Clinic to

pay all non-exempt employees at least one and one-half times their regular rate of pay for all

hours worked in excess of forty (40) hours each workweek. 29 U.S.C. § 207. Ohio statutory law further required the payment of wages and/or contained other compensation requirements and/or penalties. *See* O.R.C. §§ 4113.15, 2307.60. Plaintiff brings this case on her own behalf and on behalf of those similarly situated, both under federal and state law, to redress Defendant's violation of these laws, as is more fully set forth herein.

2.      With Count One of this Complaint, Plaintiff seeks to prosecute her FLSA claims as an FLSA collective action pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability… may be maintained against any employer … by any one or more employees for and on behalf of [herself] or themselves and other employees similarly situated… [who] gives [her] consent in writing to become such a party and such consent is filed in the court in which such action is brought" on behalf of herself and such other members of a class of persons who subsequently file consents to join the action, as is more specifically defined in paragraph 50, below (the "FLSA Collective").

3.      With Counts Two and Three of this Complaint, Plaintiff brings claims as a class action under Fed. R. Civ. P. 23 on behalf of herself and other members of a class of persons who assert claims under O.R.C. §§ 4113.15 and 2307.60, as is more specifically defined in paragraph 63, below (the "State Law Class").[1]

4.      Plaintiff, on her own behalf and on behalf of the FLSA Collective and the State Law Class, seeks compensatory, statutory, declarative and injunctive relief, as well as attorneys' fees, costs, and such other relief as the Court may deem just and appropriate.

---

[1] Some members of the FLSA Collective may also be members of the State Law Class, as both are defined hereinafter, as is the Named Plaintiff.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

6.      This Court has supplemental jurisdiction over Plaintiff's claims under Ohio law because those claims are so related to the FLSA claims as to form part of the same case or controversy. 28 U.S.C. § 1367.

7.      Venue is proper in this District and division pursuant to 28 U.S.C. § 1391(b) because Defendant resides in this District and division, has its principal place of business in this District, and/or because all or a substantial part of the events or omissions giving rise to Plaintiff's claims occurred here.

8.      This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## PARTIES

9.      Plaintiff Garner is an individual, a citizen of the United States, and a resident of the State of Ohio. Plaintiff Garner has completed an "Opt-In Consent Form" which is filed as Exhibit A to this Complaint and is incorporated by reference herein (providing, in part, that "I hereby authorize the filing and prosecution of claims in my name and on my behalf, to contest the failure of **THE CLEVELAND CLINIC FOUNDATION**, and/or its parents, subsidiaries, predecessors, successors, ownership, affiliated, and related entities, to pay me proper wages, including but not limited to overtime wages, under federal and/or state law.").

10.     Defendant The Cleveland Clinic Foundation, *doing business as* Cleveland Clinic, is an Ohio corporation for non-profit with its principal place of business / main campus at 9500

Euclid Ave., Cleveland, Ohio 44195.[2] According to records maintained by the Ohio Secretary of State, Defendant The Cleveland Clinic Foundation's Statutory Agent for service of process is CT Corporation System, 4400 Easton Commons Way, Suite 125, Columbus, Ohio 43219.[3]

11.     Defendant The Cleveland Clinic Foundation also controls the registered trade name "Cleveland Clinic."[4]

## FACTUAL ALLEGATIONS

### Defendant's Business and Defendant's Status as an Employer

12.     Defendant Cleveland Clinic is a multinational healthcare provider, and represents itself as a "medical center, provid[ing] clinical and hospital care" and as "a leader in research, education and health information."[5] During the relevant period, Cleveland Clinic has operated at least 256 locations in Ohio alone,[6] and generated $34,545,075,000 in "Economic Impact" in 2019 in the United States.[7]

13.     Defendant is an "employer" of Plaintiff, and the members of FLSA Collective and the State Law Class within the meaning of the FLSA, 29 U.S.C. § 203(d) and Ohio law, O.R.C. § and 4113.15.

14.     Defendant utilizes non-exempt employees, including Plaintiff, and the members of the FLSA Collective and State Law Class, in furtherance of its business purposes.

15.     At all times relevant, Defendant was an enterprise within the meaning of 29 U.S.C. § 203(r).

---

[2] *See* https://my.clevelandclinic.org/locations/directions/231-cleveland-clinic-main-campus (last accessed November 16, 2023).
[3] https://businesssearch.ohiosos.gov?=businessDetails/95560 (last accessed November 16, 2023).
[4] https://businesssearch.ohiosos.gov?=businessDetails/1593540 (last accessed November 16, 2023).
[5] https://my.clevelandclinic.org/ (last accessed November 16, 2023).
[6] https://my.clevelandclinic.org/locations?q=ohio (last accessed November 16, 2023).
[7] https://my.clevelandclinic.org/about/overview/who-we-are/facts-figures (last accessed November 16, 2023).

16.     At all times relevant, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

17.     Defendant operates and controls an enterprise engaged in commerce, with annual gross volume of business exceeding $500,000.00.

18.     At all times relevant, Defendant was an employer of Plaintiff, the members of the FLSA Collective, and the State Law Class as Defendant exercised the power to hire or fire employees; supervised and controlled the employees' work or conditions of employment; determined employees' rates and methods of payment; and maintained or was required to maintain records, including employment records.

### Plaintiff's and the members of the FLSA Collective's and the State Law Class's Non-Exempt Employment Statuses with Defendant

19.     Plaintiff Garner was employed by Defendant from approximately 2020 to August 2023 as a non-exempt employee. Plaintiff Garner's most recent job was a patient registrar / patient access specialist.

20.     Defendant classified and paid Plaintiff, as well as the members of the FLSA Collective and the State Law Class, as non-exempt employees.

21.     At all times relevant, Plaintiff and members of the FLSA Collective and the State Law Class were employees within the meaning of 29 U.S.C. § 203(e) and Ohio law, O.R.C. § 4113.15.

22.     At all times relevant, Plaintiff and members of the FLSA Collective and the State Law Class were employees engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 207.

## Defendant's Unlawful Failure to Pay Overtime Compensation

23.     The FLSA and Ohio law required Defendant to pay overtime compensation to its employees at the rate of one and one-half times their regular rate of pay for the hours they worked in excess of forty (40), and/or provided other pay requirements as applicable. 29 U.S.C. § 207; O.R.C. § 4113.15. *See* O.R.C. § 2307.60.

24.     Plaintiff and members of the FLSA Collective and the State Law Class regularly worked more than forty (40) hours in a single workweek.

25.     Although Defendant suffered and permitted Plaintiff and members of the FLSA Collective and the State Law Class to work more than forty (40) hours per workweek, Defendant failed to pay Plaintiff and members of the FLSA Collective and the State Law Class overtime at a rate of one and one-half times the regular rate of pay for all hours worked over forty (40) in a workweek. As a result, Plaintiff and the members of FLSA Collective and the State Law Class were willfully not properly paid overtime compensation for their overtime hours worked as required by the FLSA, 29 U.S.C. § 207, and Ohio law, O.R.C. § 4113.15. *See* O.R.C. § 2307.60.

26.     Instead of compensating Plaintiff Garner and the members of the FLSA Collective and State Law Class at one and one-half times their regular hourly rates for hours more than forty (40) hours per workweek, as further explained below, Defendant paid Plaintiff and the members of FLSA Collective and the State Law Class less than one and one-half times their regular hourly rates for hours more than forty (40) hours per workweek.

27.     Defendant shortchanged its non-exempt employees and failed to pay overtime compensation through unlawful practices that do not pay all overtime hours worked at one and one-half times their regular hourly rates for hours more than forty (40) hours per workweek.

28.     Defendant consistently, willfully, and intentionally failed to pay Plaintiff and the members of the FLSA Collective and the State Law Class for all hours, including overtime hours, worked, at the statutory overtime rate required. 29 U.S.C. § 207; *see* O.R.C. §§ 4113.15, 2307.60.

### Defendant's Failure to Pay All Hours, Including Overtime Hours, Worked as a Result of Defendant's Time Editing and/or Rounding Practices and/or Policies

29.     Defendant failed to pay Plaintiff and the members of the FLSA Collective and the State Law Class for all hours, including overtime and non-overtime hours, worked as a result of Defendant's time editing and/or rounding practices and/or policies.

30.     More specifically, Defendant has a time rounding and/or editing policy, and time manipulation practices in conformity with this policy, that led to less time paid than time worked for Plaintiff, and for the members of the FLSA Collective and the State Law Class, at the beginning and the end of their workdays.

31.     At the beginning of their workdays, Plaintiff and the members of the FLSA Collective and the State Law Class clocked in and performed the principal activities of their jobs, but Defendant generally did not pay them for all of their time worked. Likewise, Plaintiff Garner and the members of the FLSA Collective and the State Law Class regularly worked, stopped working, and clocked out at the end of their workdays, but Defendant generally did not pay them for all of their time worked. Instead, Defendant paid them based on post-edited, rounded, modified, and inaccurate and/or incomplete records which do not include all compensable work required by, performed for, and to the benefit of Defendant. Defendant willfully manipulated both the beginning and end of shift time records of Plaintiff and the members of the FLSA Collective and the State Law Class to reflect less time worked when Defendant submitted these employees' records to payroll, resulting in less time paid than time worked.

7

32.     Although Defendant suffered and permitted Plaintiff and the members of the FLSA Collective and the State Law Class to work more than forty (40) hours per workweek, Defendant failed to pay Plaintiff and the members of the FLSA Collective and the State Law Class overtime at a rate of one and one-half times the regular rate of pay for all hours worked over forty (40) in a workweek. *See* 29 C.F.R. § 785.11. Though Plaintiff and the members of the FLSA Collective and the State Law Class regularly complete tasks that are required by Defendant, are performed for Defendant's benefit, and constitute part of their principal activities and/or are integral and indispensable to their principal activities before their shift starting times (and after shift ending times), these workers are not paid for the time spent performing these tasks because Defendant unilaterally deducted this time worked, regardless of the fact that compensable work was completed. As a result, Plaintiff and the members of the FLSA Collective and the State Law Class were not properly paid for many of their hours worked as required by the FLSA and Ohio law.

33.     Defendant shortchanged Plaintiff Garner and the members of the FLSA Collective and the State Law Class and avoided paying overtime compensation through Defendant's unlawful time rounding and/or editing policy, and time manipulation practices in conformity with this policy. Defendant intentionally, knowingly, and willfully deducted time worked to reduce labor costs notwithstanding that Defendant's editing and/or rounding time manipulation policies violate Department of Labor regulations which require both that employees' time be rounded "to the nearest 5 minutes, or to the nearest one-tenth or quarter of an hour" and that the method "will not result, over a period of time, in failure to compensate the employees properly for all the time they have actually worked." 29 C.F.R. § 785.48(b).

34.     Moreover, Defendant utilizes a time rounding/editing system that has been rigged in Defendant's favor and is willfully designed to pay less time work than time paid. As a result, Plaintiff Garner and the members of the FLSA Collective and the State Law Class have not been able to benefit from Defendant's rounding system; instead, the rounding system has resulted in, over a period of time, the failure to pay Plaintiff Garner and the members of the FLSA Collective and the State Law Class for all hours worked, in violation of the FLSA, 29 C.F.R. § 785.48(b), and Ohio law.

35.     Defendant's time rounding and/or editing policy, and time manipulation practices in conformity with this policy, are not neutral, facially or otherwise. Plaintiff Garner, only by way of example – based on a review of a substantial random selection of the records produced by Defendant to Plaintiff pursuant to Section 34a of Article II of the Ohio Constitution and Ohio Revised Code § 4111.14(G) – received a favorable time round/edit just 9% of workdays, and an unfavorable time round/edit a staggering 86% of workdays. Thus, in nearly all workweeks Plaintiff worked during the produced time period, the records demonstrate that the system resulted in a benefit to Defendant and a loss of earned wages to Plaintiff.

36.     Defendant's pay practices were the result of systematic and company-wide policies originating at the corporate level. Defendant's policies with respect to time editing and time rounding resulted from knowing or reckless executive decisions. Defendant, through its supervisors and managers, knew that Plaintiff Garner, and the members of the FLSA Collective and the State Law Class, were working the time for which they were not paid, as a result of Defendant's time-keeping, time recordation, and subsequent time rounding and editing, and thus Defendant's actions were deliberate and willful within the meaning of the FLSA, and Defendant lacked a good faith basis for its actions. Defendant knew about the overtime compensation

requirements of the FLSA or acted in reckless disregard as to Defendant's obligations under the FLSA.

37.     As a result of Defendant's time manipulation and pay deprivation policies/practices, Plaintiff Garner, and the members of the FLSA Collective and the State Law Class, were not paid for all hours worked, including overtime and non-overtime hours worked. As a result of the time rounding/editing employed by Defendant, Defendant's rounding/editing practices have created a system that virtually always rounds against Plaintiff Garner, and the members of the FLSA Collective and the State Law Class, and the rounding is nearly always in Defendant's favor. The rounding policies also caused Defendant to violate the FLSA, Ohio law, and the Department of Labor regulations by docking compensable hours and pay, and thereby failing to pay for all hours suffered or permitted to work.

38.     The deducted time worked was compensable as overtime or straight time hours worked as the work was required by Defendant; the work was performed for Defendant's benefit and constituted part of employees' principal activities; and the work was a necessary, integral, and indispensable part of their principal activities. However, it was not fully paid on a straight time regular rate basis (during non-overtime weeks), nor was overtime for it paid at the rate of one and one-half times the regular rate for the hours worked in excess of forty (40) (during overtime weeks), as required by the FLSA. Although Plaintiff Garner, and the members of the FLSA Collective and the State Law Class, performed their actual, principal job duties when they clock in at the beginning of the workday, and until they clock out at the end of the workday, Defendant did not pay this time worked, which was required to be paid as hours worked under the FLSA as Defendant manipulated their time to Defendant's benefit. Had Defendant implemented rounding policies in compliance with the FLSA and Department of Labor

10

regulations, Plaintiff Garner, and the members of the FLSA Collective and the State Law Class, would have been compensated for additional overtime and non-overtime hours for which they were not paid.

### Defendant's Record Keeping Violations

39.     The FLSA and Ohio law required Defendant to maintain accurate and complete records of employees' time worked and amounts earned and paid. 29 U.S.C. § 211(c); 29 C.F.R. §§ 516.2, 516.5, 516.6, 516.7; O.R.C §§ 4111.08, 4111.14(F); Ohio Const. Art. II, § 34a.

40.     For example, federal regulations require employers to make and keep payroll records showing information and data such as the employee's name, occupation, time of day and day of week which the workweek begins, regular hourly rate of pay for any week in which overtime compensation is due, hours worked each workday and total hours worked each workweek, total daily or weekly straight time earnings, total premium pay for overtime hours, total wages paid each pay period, and date of payment and pay period covered by the payment. 29 C.F.R. § 516.2.

41.     Ohio law also provides that employers "shall maintain a record of the name, address, occupation, pay rate, hours worked for each day worked and each amount paid an employee for a period of not less than three years following the last date the employee was employed." Ohio Const. Art. II, § 34a.

42.     Defendant kept records of hours worked by Plaintiff and of the members of the FLSA Collective and the State Law Class. However, at the time that the hours worked by Plaintiff and the members of the FLSA Collective and of the State Law were transmitted to payroll for compensation purposes, Defendant willfully and intentionally transmitted post-edited, rounded, modified, and inaccurate and/or incomplete records which do not include pre- and post-

11

shift compensable work required by, performed for, and to the benefit of Defendant, which had the direct effect of reducing Defendant's labor costs to the detriment of Plaintiff and the members of the FLSA Collective and the State Law Class. Thus, Defendant willfully and intentionally did not properly record and pay all hours worked in violation of the FLSA and violated the FLSA and Ohio law record keeping requirements.

### The Willfulness of Defendant's Violations

43.     In addition to the above allegations demonstrating the willfulness of Defendant's wage violations as provided for above, Defendant knew or should have known as a substantial employer, in accordance with its obligations under the FLSA and Ohio State law, that its workers, including Plaintiff and the members of the FLSA Collective and the State Law Class, were entitled to overtime compensation under federal and state law.

44.     By denying Plaintiff, and the members of the FLSA Collective and the State Law Class, overtime compensation as required by the FLSA, Defendant's acts were not based upon good faith. Through legal counsel as well as industry experience and custom, Defendant possessed ample access to the regulations and statutory provisions requiring the proper and prompt payment of overtime compensation under federal and Ohio law, as recited in this Complaint, but either failed to seek out such information and guidance or did seek out the information and guidance but failed to adhere to the principles of compliance as required. Defendant therefore knew about the overtime compensation requirements of the FLSA and failed to comply with them or acted in reckless disregard as to its obligations under these laws in failing to comply with them.

45.     Moreover, Defendant's overtime compensation payment, and general wage compensation payment, obligations were clearly known by Defendant, but nonetheless willfully

and intentionally disregarded. For example, O.R.C. § 4111.09 provides that "[e]very employer subject to sections 4111.01 to 4111.17 of the Revised Code, or to any rules issued thereunder, shall keep a summary of the sections, approved by the director of commerce, and copies of any applicable rules issued thereunder, or a summary of the rules, posted in a conspicuous and accessible place in or about the premises wherein any person subject thereto is employed." As approved by the Director of Commerce, this conspicuously-placed posting includes the language: "**OVERTIME** … [a]n employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's wage rate for hours in excess of 40 hours in one work week..."[8] Defendant therefore knew of the overtime requirements of the FLSA, or acted in reckless disregard for whether Plaintiff and members of the FLSA Collective and State Law Class were entitled to overtime compensation.

46.     In addition, as provided above, Defendant Cleveland Clinic's employee overtime wage compensation practices and policies, including Defendant's overtime underpayment practices and policies, have previously been challenged as willful attempts to circumvent the FLSA and Ohio law. *See Berger v. The Cleveland Clinic Foundation,* No. 1:05cv1508 (N.D. Ohio, filed May 27, 2005). Despite Defendant previously agreeing to pay a gross total of approximately $350,000 in overtime back wages and other damages as a result of its alleged overtime underpayment practices and policies, Defendant, on notice of the requirements of the law, has nonetheless continued to willfully and intentionally underpay its employees overtime compensation.

---

[8] *See, e.g.,* https://com.ohio.gov/static/documents/2023MWPoster.pdf (emphasis original) (last accessed November 16, 2023).

47.     Inasmuch as Defendant's violation of the FLSA was willful within the meaning of the FLSA, Plaintiff and the members of the FLSA Collective are therefore entitled to liquidated damages equal to the amount of all unpaid overtime compensation, pursuant to 29 U.S.C. § 260.

48.     In addition, Plaintiff and the members the State Law Class are entitled to recovery under Ohio's law providing for recoverable damages in this civil action for damages for criminal acts, O.R.C. § 2307.60.

**FLSA COLLECTIVE OVERTIME ALLEGATIONS**
**(As to COUNT ONE)**

49.     Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

50.     Plaintiff brings this case on behalf of a group of employees of Defendant (the "FLSA Collective") who assert claims under the overtime provisions of the FLSA in this case by filing consents to join this action from this group of individuals:

> **All current and former non-exempt (including but not limited to commission-based, production-based, hourly, and salaried) employees of Defendant in the United States during the period of three years preceding the commencement of this action to the present who worked overtime hours during one or more workweeks and who were not paid overtime compensation at one and one-half times the employees' regular rate of pay for all hours worked in excess of forty (40) hours per workweek by virtue of having their time edited and/or rounded.[9]**

51.     Such persons are "similarly situated" with respect to Defendant's FLSA overtime violations, as to the collective group of employees identified above, in that all were non-exempt employees of Defendant, all were subjected to and injured by Defendant's unlawful practice of failing to pay overtime compensation for all hours worked in excess of forty (40) per workweek,

---

[9] Plaintiff reserves the right to amend and refine the definition of to whom she seeks to have provided with Court-authorized notice based upon further investigation and discovery.

and all have the same claims against Defendant for unpaid overtime compensation as well as for liquidated damages, attorneys' fees, and costs.

52.     Plaintiff and the members of the FLSA Collective, having willfully been not paid at least the federal overtime wage for the overtime hours they worked for Defendant pursuant to the common policies described herein, are "similarly situated" as that term is used in 29 U.S.C. § 216(b) and the associated decisional law. *See* 29 U.S.C. § 207.

53.     Plaintiff Garner and the members of the FLSA Collective are similarly situated because, among other reasons, Plaintiff Garner, as well as the members of the FLSA Collective, are owed approximately hundreds to thousands of overtime hours from working for Defendant and for Defendant's benefit for which they were not paid overtime compensation as a result of Defendant's time rounding and/or editing policies, and time manipulation practices in conformity with these policies, that led to less time paid than time worked.

54.     Plaintiff and the members of the FLSA Collective have been similarly affected by the FLSA overtime violations of Defendant in one or more workweeks during the relevant time period, which amount to a single decision, policy, or plan to willfully avoid paying all earned federal overtime wages owed.

55.     Plaintiff and the members of the FLSA Collective have been damaged by Defendant's willful refusal to pay at least the federal overtime wage for all overtime hours worked. As a result of Defendant's willful FLSA violations, Plaintiff Garner and the members of the FLSA Collective are similarly situated to each other in that they are all entitled to damages, including, but not limited to, unpaid wages, liquidated damages, costs, and attorneys' fees.

56.     Throughout her employment with Defendant, Plaintiff was subjected to the same timekeeping and payroll policies and practices by Defendant – including the time rounding

15

and/or editing policies, and time manipulation practices in conformity with these policies/practices, that led to less time paid than time worked – that the members of the FLSA Collective were subjected to.

57.     Plaintiff is similarly situated to the members of the FLSA Collective and will prosecute this action vigorously on their behalf.

58.     Plaintiff is entitled to send notice to all potential members of the FLSA Collective pursuant to Section 216(b) of the FLSA. Identification of potential members of the FLSA Collective is readily available from the timekeeping and compensation records, including timekeeping and payroll data, maintained by Defendant. For the purpose of notice and other purposes related to this action, their names, addresses, email addresses, and phone numbers are readily available from Defendant. Notice can be provided by means permissible under the FLSA and decisional law.

59.     Immediate, prompt notice of this matter to similarly situated persons pursuant to 29 U.S.C. § 216(b) – by Court order – is proper and necessary so that such persons may be sent a Court-authorized notice informing them of the pendency of this action and giving them the opportunity to "opt in."

60.     Court Supervised Notice pursuant to 29 U.S.C. § 216(b) to potential members of the FLSA Collective is appropriate because they have been subjected to the common business practices referenced in the paragraphs above, and the success of their claims depends upon the resolution of common issues of law and fact, including, *inter alia*, whether Defendant satisfied the FLSA's requirements for payment of the statutory overtime wages.

61.     The precise size and identity of the group of potential members of the FLSA Collective are readily ascertainable from the payroll records, timekeeping records, and/or

16

employee and personnel records of Defendant that Defendant was required to maintain, pursuant

to the FLSA. Plaintiff cannot yet state the exact number of similarly-situated persons but avers,

upon information and belief, that the group of potential members of the FLSA Collective consist

of approximately one thousand or more persons.

## OHIO CLASS ACTION ALLEGATIONS
### (As to COUNTS TWO and THREE)

62.     Plaintiff incorporates by reference the allegations contained in paragraphs 1

through 48 as if fully rewritten herein.

63.     Plaintiff also brings this case as a class action pursuant to Fed. R. Civ. P. 23 on

behalf of herself and a group of employees of Defendant who assert claims under O.R.C. §§

4113.15 and 2307.60 (referred to herein as the "State Law Class"),[10] defined as:

> **All current and former non-exempt (including but not limited to commission-based, production-based, hourly, and salaried) employees of Defendant in Ohio during the period of six years preceding the commencement of this action to the present who were not paid for all non-overtime and/or overtime hours worked by virtue of having their time rounded and/or edited.**

64.     There are questions of law or fact common to the State Law Class, including but

not limited to:

> Whether Defendant denied Plaintiff and other members of the State Law Class earned and owed compensation where, among other things, these employees were not paid wages for their overtime hours worked at the overtime rates required to be paid, as well as wages for their non-overtime hours worked but not paid;

> Whether Defendant's denial of Plaintiff's and other members of the State Law Class's earned and owed compensation was a willful violation of federal and/or state law, entitling Plaintiff and other members of the State Law Class to exemplary, punitive, and/or other damages pursuant to O.R.C. § 2307.60;

> What amount of monetary relief will compensate Plaintiff and other members of the State Law Class for Defendant's failure to pay all compensation, including overtime and non-overtime compensation, owed when the wages were required to be paid.

---

[10] Plaintiff specifically does not bring a Fed. R. Civ. P. 23 class action under O.R.C. § 4111.10.

65.     Plaintiff's claims are typical of the claims of other members of the State Law Class. Plaintiff's claims arise out of the same uniform course of conduct by Defendant, and are based on the same legal theories, as the claims of other State Law Class members.

66.     The State Law Class, outlined above, is so numerous that joinder of all class members is impracticable. Plaintiff cannot yet state the exact number of class members but avers, upon information and belief, that the State Law Class consists of approximately one thousand or more persons. The number of class members, as well as their identities, are ascertainable from the payroll and personnel records Defendant has maintained, and was required to maintain, pursuant to the FLSA and Ohio law. 29 U.S.C. § 211(c); 29 C.F.R. §§ 516.2, 516.5, 516.6, 516.7; Ohio Const. Art. II, § 34a.

67.     Plaintiff will fairly and adequately protect the interests of the State Law Class. Plaintiff's interests are not antagonistic to, but rather are in unison with, the interests of other State Law Class members. Plaintiff's counsel have broad experience in handling class action litigation, including wage-and-hour litigation, and are fully qualified to prosecute the claims of the State Law Class in this case.

68.     The questions of law or fact that are common to the State Law Class predominate over any questions affecting only individual members. The primary questions that will determine Defendant's liability to the State Law Class, listed above, are common to the State Law Class as a whole, and predominate over any questions affecting only individual class members.

69.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring State Law Class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many State Law Class members' claims are

18

sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case as a class action pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

**COUNT ONE**
**(FLSA Overtime Violations)**
***On Behalf of Plaintiff Garner and other Plaintiffs who Join this Action***
***(the FLSA Collective Members) Pursuant to 29 U.S.C. § 216(b)***

70.     Plaintiff incorporates by reference the allegations of paragraphs 1 through 61 as if fully rewritten herein.

71.     Plaintiff brings this claim for violation of the FLSA's provisions on behalf of herself and FLSA Collective Members, as previously defined.

72.     The FLSA requires that non-exempt employees are entitled to overtime compensation of "not less than one and one-half times" the employees' "regular rate" of pay. 29 U.S.C. § 207(a)(1).

73.     Plaintiff and members of the FLSA Collective should have been paid overtime wages in the amount of 150% of their "regular rate" for all hours worked in excess of forty (40) hours per workweek.

74.     Defendant did not pay overtime compensation to Plaintiff and the members of the FLSA Collective at the rate of one and one-half times their regular rate for all of their overtime hours worked.

75.     Defendant knowingly, willfully, and/or in reckless disregard carried out an illegal pattern and practice of failing to pay Plaintiff and members of the FLSA Collective overtime compensation. Defendant's deliberate failure to pay all overtime compensation to Plaintiff and to the members of the FLSA Collective was neither reasonable, nor was the decision not to pay all

overtime compensation made in good faith. By engaging in these practices, Defendant willfully violated the FLSA and regulations thereunder that have the force of law.

76. As a result of Defendant's willful violations of the FLSA, Plaintiff and the FLSA Collective members were injured in that they did not receive the full overtime wages due to them pursuant to the FLSA. Under 29 U.S.C. § 216(b), this entitles Plaintiff and the members of the FLSA Collective to the due overtime compensation as well as "an additional equal amount as liquidated damages." 29 U.S.C. § 216(b) further provides that "[t]he court … shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

## COUNT TWO
### (Ohio Semimonthly Wage Payment Violations)
### *On Behalf of Plaintiff Garner*
### *and the State Law Class Members*

77. Plaintiff incorporates by reference the allegations of paragraphs 1 through 48, and 62 through 69, as if fully rewritten herein.

78. Plaintiff brings this claim for violation of Ohio law, O.R.C. § 4113.15, on behalf of herself and the members of the State Law Class.

79. In Ohio, an employee can recover wages under O.R.C. § 4113.15 that were paid late for any reason.

80. O.R.C. § 4113.15(A) required Defendant to pay "on or before the first day of each month … employees the wages earned by them during the first half of the preceding month ending with the fifteenth day thereof, and shall, on or before the fifteenth day of each month, pay such employees the wages earned by them during the last half of the preceding calendar month." Defendant's failure to timely pay Plaintiff and the members of the State Law Class all wages,

including overtime and non-overtime wages, violated Ohio's semimonthly payment of wage requirements, O.R.C. § 4113.15(A).

81.     Plaintiff's and the members of the State Law Class's unpaid wages have remained unpaid for more than thirty (30) days beyond their regularly scheduled payday in violation of O.R.C. § 4113.15. By its acts and omissions described in this Complaint, Defendant has violated Ohio's semimonthly payment of wage requirements, O.R.C. § 4113.15, and Plaintiff and the members of the State Law Class have been injured as a result.

82.     Defendant's violations of Ohio's semimonthly payment of wage requirements, O.R.C. § 4113.15, injured Plaintiff and the members of the State Law Class in that they did not receive wages due to them in a timely fashion as required by Ohio law.

83.     Defendant knowingly, willfully, and/or in reckless disregard carried out an illegal pattern and practice of failing to pay Plaintiff, and the members of the State Law Class, all wages owed in a timely fashion as required by Ohio law. Defendant's deliberate failure to timely pay all compensation owed to Plaintiff, and the members of the State Law Class, was neither reasonable, nor was the decision not to pay in accordance with O.R.C. § 4113.15 made in good faith. By engaging in these practices, Defendant willfully violated Ohio law and regulations that have the force of law.

84.     As a result of Defendant's violation of Ohio law, Plaintiff and the members of the State Law Class are entitled to unpaid wages and liquidated damages pursuant to O.R.C. § 4113.15.

## COUNT THREE
### (Civil Action for Damages for Criminal Acts)
### *On Behalf of Plaintiff Garner*
### *and the State Law Class Members*

85.     Plaintiff incorporates by reference the foregoing allegations of paragraphs 1 through 48, and 62 through 69, as if fully rewritten herein.

86.     Plaintiff brings this claim pursuant to Ohio's statue providing for Civil Violations for Criminal Acts, O.R.C. § 2307.60, on behalf of herself and the members of the State Law Class.

87.     At all times relevant, Defendant was an entity covered by the FLSA, 29 U.S.C. § 201, *et seq.,* and Plaintiff and the members of the State Law Class have been employed by Defendant within the meaning of the FLSA.

88.     Defendant's failure to compensate overtime hours worked "at a wage rate of one and one-half times the employee's wage rate for hours worked in excess of forty (40) hours in one workweek" was a willful violation of the FLSA, 29 U.S.C. § 201, *et seq.* Defendant's failure to timely pay Plaintiff and the members of the State Law Class all overtime wages was a willful violation of the FLSA, 29 U.S.C. § 201, *et seq.*

89.     By its acts and omissions described in this Complaint, Defendant has willfully [11] violated the FLSA, and Plaintiff and the members of the State Law Class have been injured as a result. O.R.C. § 2307.60 permits anyone injured in person or property by a criminal act to recover damages in a civil action, including exemplary and punitive damages.

---

[11] 29 U.S.C. § 216(a) provides that "[a]ny person who willfully violates any of the provisions of section 215 of this title shall upon conviction thereof be subject to a fine of not more than $10,000, or to imprisonment for not more than six months, or both."

90.     Defendant's willful violations of federal law injured Plaintiff and the members of the State Law Class in that they did not receive wages due to them pursuant to these statutory and/or other laws and regulations.

91.     As a result of Defendant's willful violations of the FLSA, Plaintiff and the members of the State Law Class are entitled to compensatory, exemplary and punitive damages pursuant to O.R.C. § 2307.60.

[Plaintiff's *Prayer for Relief* follows on the next page.]

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself and all members of the FLSA Collective

and the State Law Class, respectfully prays that this Honorable Court:

A. Promptly order Defendant to provide all relevant policies and procedures regarding timekeeping and compensation, as well as all payroll, timekeeping, time rounding, time editing, and other relevant records, necessary to determine similarly situated individuals;

B. Promptly order Defendant to provide all contact information, including but not limited to names, dates of employment, addresses, telephone numbers, and email addresses, of similarly situated individuals;

C. Promptly issue Court-approved notice to similarly-situated persons informing them of this action, their ability to opt-in and become part of the FLSA Collective, and enabling them to opt in;

D. Toll the statute of limitations, *freely*, for all members of the FLSA Collective, from the date that this matter was initially filed until the date on which they file consents to join;

E. Certify this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of Plaintiff and other members of the State Law Class;

F. Enter judgment against Defendant, and in favor of Plaintiff, the FLSA Collective, and the members of the State Law Class, declaring that Defendant's activities, as alleged herein, violate the FLSA and Ohio law and enjoining Defendant from continuing to violate the FLSA and Ohio law, as well as awarding the relief set forth immediately below;

G. Award compensatory damages to Plaintiff and the members of the FLSA Collective pursuant to 29 U.S.C. § 216(b) in the amount of their unpaid overtime wages, as well as liquidated damages in an equal amount, in addition to penalty damages;

H. Award Plaintiff and other members of the State Law Class all damages allowed by Ohio law, including but not limited to O.R.C. § 4113.15, which entitles Plaintiff and other members of the State Law Class to in an amount equal to six per cent of the amount of the unpaid wages still unpaid or two hundred dollars per State Law Class member, whichever is greater;

I. Award compensatory, exemplary and punitive damages under O.R.C. § 2307.60 to Plaintiff and members of the State Law Class;

J.      Designate Plaintiff as representative of the Fed. R. Civ. P. 23 State Law Class, and counsel of record as Class Counsel for the State Law Class;

K.      Award Plaintiff, and the members of the FLSA Collective and the State Law Class, prejudgment interest, post-judgment interest, costs, and attorneys' fees incurred in prosecuting this action, expert fees, as well as statutory and/or punitive damages and an award of damages representing Defendant's employers' share of FICA, FUTA, state unemployment insurance, and any other required employment taxes; and

L.      Enter such other and further relief as this Court deems equitable, just, and proper.

Respectfully Submitted,

*s/ Ryan A. Winters*
Joseph F. Scott (0029780)
Ryan A. Winters (0086917)
**SCOTT & WINTERS LAW FIRM, LLC**
P: (216) 912-2221      F: (440) 846-1625
50 Public Square, Suite 1900
Cleveland, OH 44113
jscott@ohiowagelawyers.com
rwinters@ohiowagelawyers.com

Kevin M. McDermott II (0090455)
**SCOTT & WINTERS LAW FIRM, LLC**
P: (216) 912-2221      F: (440) 846-1625
11925 Pearl Rd., Suite 310
Strongsville, Ohio 44136
kmcdermott@ohiowagelawyers.com

*and*

Seth R. Lesser*
Christopher M. Timmel*
**KLAFTER LESSER LLP**
Two International Drive, Suite 350
Rye Brook, NY 10573
Telephone: (914) 934-9200
seth@klafterlesser.com
christopher.timmel@klafterlesser.com

*Attorneys for Plaintiff, proposed FLSA Collective Action Plaintiffs, and proposed Fed. R. Civ. P. 23 Class Counsel*

\* Motion for Admission *Pro Hac Vice* to be filed

## <u>JURY DEMAND</u>

Plaintiff hereby demands a trial by jury on all issues so triable.

*s/ Ryan A. Winters*

Ryan A. Winters (0086917)