UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **DEBORAH GARNER,** | ) | CASE NO.1:23CV2258 |
| | ) | |
| **Plaintiff** | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | |
| | ) | |
| **THE CLEVELAND CLINIC FOUNDATION,** | ) | ORDER |
| | ) | |
| **Defendant** | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter is before the Court on Defendant Cleveland Clinic's Motion to Strike the Declaration of Brian Kriegler, PhD. (ECF # 60). For the following reasons, the Court grants the Motion and Strikes Kriegler's Declaration.

In support of its Motion to Facilitate Court-Authorized Notice, Plaintiffs attached the Declaration of Brian Kriegler, PhD. CCF moves to strike the Declaration because Plaintiffs never disclosed Kriegler as an expert witness in response to CCF's written discovery requests issued more than a year ago. Those written requests included specific requests for information regarding all experts Plaintiffs intended to rely upon. In addition, CCF contends Plaintiffs failed to supplement their responses prior to the close of Notice discovery. As a result, CCF was unable to depose Kriegler or propound written discovery regarding his opinions. CCF asks the Court to strike his Declaration or, in the alternative, reopen discovery to allow CCF to challenge his opinions and then reset a notice briefing schedule to allow CCF the opportunity to oppose

with a rebuttal expert.

In CCF's Interrogatories, Interrogatory No.4 expressly requested Plaintiffs' "Identify by name, address and place of employment and telephone number each and every expert that you intend to call as an expert at trial in this matter or rely on in support of any motion for certification of a class or collective action..." In response, Plaintiffs stated that they had not yet identified any expert but would supplement their response as required by the Court's CMC Order and Federal Rules of Civil Procedure. CCF contends that Plaintiffs never identified an expert and never supplemented their response as required by the Rules.

Plaintiffs only disclosed Dr. Kriegler in their Motion for Notice which was filed after the close of Notice discovery. Consequently, CCF could not have filed a Motion to Compel as it would have been untimely under the Court's Local Rule 37.1. CCF contends it was unaware that Dr. Kriegler would be a witness in the Notice action, resulting in its inability to respond or secure an rebuttal expert. Moreover, Dr. Kriegler's opinions provide key evidence in support of Plaintiff's Motion for Court Approved Notice as his conclusions are referred to throughout the Motion.

As a result of Plaintiffs' failure to disclose or supplement, CCF asks the Court to strike Dr. Kriegler's declaration pursuant to Rule 37 or, alternatively, for the Court to reopen Notice discovery relating to Dr. Kriegler, allow CCF to depose him and/or secure a rebuttal witness then allow CCF thirty days following the close of discovery to file its Opposition brief.

**Plaintiffs' Response**

Plaintiffs make four arguments in opposition to CCF's Motion. First, they contend CCF failed to engage in the mandatory conferral process established by Local Rule 37 and Fed R.

Civ. P. 37(a)(1). Plaintiffs allege that had CCF complied with these rules Plaintiffs would have agreed to reopen discovery.

Second, CCF cannot legitimately claim surprise because CCF omitted any expert deadlines in its proposed party planning report. Plaintiffs allege they informed CCF's counsel they were considering using an expert approximately one month before they filed their Motion and that they only decided to use the Declaration after CCF provided significant additional data well after the close of discovery.

Third, any prejudice is waived by reopening discovery.

Finally, any striking of the Declaration would be unjust and disproportionate even though it applies largely to the merits of the case and is more in the nature of a permissible summary of voluminous records in the case.

## LAW AND ANALYSIS

Federal Rule 26(e) obligates parties to supplement their discovery responses. "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). "Although exclusion of late or undisclosed evidence is the usual remedy for noncompliance with Rule 26(a) or (e), Rule 37(c)(1) provides the district court with the option to order alternative sanctions "instead of" exclusion of the late or undisclosed evidence 'on motion and after giving an opportunity to be heard.'" *Howe v. City of Akron,* 801 F.3d 718, 747 (6th Cir. 2015) quoting Fed. R. Civ. P. 37. "A noncompliant party may avoid sanction if 'there is a reasonable explanation of why Rule 26 was not complied with or the mistake was harmless.'" *Howe,* 801

F.3d at 747 quoting *Bessemer & Lake Erie R.R. Co. v. Seaway Marine Transp.,* 596 F.3d 357, 370 (6th Cir.2010).

"[The] Advisory Committee Notes to [the] 1993 Amendments (including Rule 37(c)(1)) ... strongly suggest[ ] that 'harmless' involves an honest mistake on the part of a party coupled with sufficient knowledge on the part of the other party." *Vance ex rel. Hammons v. United States,* 182 F.3d 920, at *5 (6th Cir.1999). The Sixth Circuit in *Howe* instructed courts to consider five factors when determining whether a party's failure to disclose is "substantially justified" or "harmless,":

> "(1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence."

*Howe,* 801 F.3d at 747–48 citing *Russell v. Absolute Collection Servs., Inc.,* 763 F.3d 385, 396–97 (4th Cir.2014).

There is no dispute that Plaintiffs failed to disclose Dr. Kriegler as a witness in their Interrogatory response and did not supplement their disclosure prior to including Dr. Kriegler's Declaration as an attachment to their Motion for Notice.

**Surprise to the Party Against Whom the Evidence is Offered**

According to CCF, it was blind sided by the Declaration of Dr. Kriegler when Plaintiffs filed their Motion for Court-Authorized notice. Plaintiffs acknowledge they did not formally disclose Dr. Kriegler in response to an Interrogatory but claim they did inform CCF in a phone conversation between counsel in March of 2025 that they were considering using an expert but had not yet decided on whether they would. (See ECF # 61-1 pg 2) ("As you know, our

4

co-counsel Attorney Seth Lesser also informed you during a Zoom call in March that Plaintiff was considering using an expert, but had not decided at that time, and obviously Dr. Kriegler's report was not finalized until April 9, 2025, the date the motion for notice was due and filed." CCF denied any such expert disclosure in the March conference call. (ECF # 61-1 pg 1). Regardless, the Court-ordered Notice discovery period had closed in February of 2025 and prior to the March phone conference. Thus, the Court finds this factor supports CCF's Motion as Plaintiffs failed to timely provide notice of an expert and failed to supplement its discovery responses.

**The Ability to Cure the Surprise**

Both CCF and Plaintiffs have proposed reopening discovery, allowing CCF time to depose Dr. Kriegler and if needed, retain a rebuttal expert. CCF has asked for it in the alternative should the Court deny its Motion to Strike while Plaintiffs contend they offered to agree to such a remedy shortly before the Motion to Strike was filed. Thus, there appears to be an alternative short of striking the Declaration.

**Extent to Which Allowing the Evidence Would Disrupt Trial and th Importance of the Evidence in Question**

These next two factors weigh heavily in favor of granting the Motion to Strike. Undoubtedly, CCF has been prejudiced by an inability to challenge Dr. Kriegler's conclusions in the Motion. Dr. Kriegler's assertions not only go to the merits of the underlying claim but also supply critical evidence that there was an FLSA-violative policy applied to the putative collective. And this is particularly important because having a rounding policy does NOT, on its own, violate the FLSA. Apart from the named and opt-in Plaintiffs, Dr. Kriegler's testimony is

5

the only such evidence at the Notice stage that CCF's rounding policy skews heavily in favor of CCF which would support a collective action. Because the disclosure of Dr. Kriegler's Declaration occurred after the close of discovery and was never disclosed prior to the same. it would have a potentially strong negative impact upon CCF. Consequently, CCF was prejudiced by its inability to challenge Dr. Kriegler's conclusions. This is particularly true given the sheer size and scope of the putative collective Plaintiffs seek to include. This factor weighs strongly in favor of striking the Declaration.

**Plaintiffs' Explanation for Why if Failed to Timely Disclose Dr. Kriegler**

According to Plaintiffs, there are a number of reasons for its failure to disclose Dr. Kriegler. First, they claim it was CCF's failure to raise the issue during discovery in compliance with Local Rule 37.1 that led to the failure. However, this argument is unavailing because CCF had no reason to inquire about an expert given Plaintiffs' Interrogatory response indicating it had not decided on obtaining an expert. Plaintiffs further assured CCF they would supplement accordingly if they decided to retain an expert. That never occurred during the Notice discovery. And once the expert was disclosed at the filing of the Motion, discovery had closed for over two months. The Court's Local Rule only allows Motions to Compel within ten days after the close of discovery. (L.R. 37.1(b)) Thus, this explanation fails to justify Plaintiffs' failure to disclose.

Second, Plaintiffs argue that CCF cannot legitimately claim surprise because CCF omitted any expert deadlines in its proposed party planning report. However, CCF contends the Notice plan was jointly agreed to by the parties before it was presented to the Court. Moreover, the omission of an expert report date does not abrogate Plaintiffs' disclosure obligations under the Federal and Local Rules. Plaintiffs allege they only decided to use the Declaration after CCF

6

provided significant additional data well after the close of discovery. CCF responds that the additional discovery was provided at the behest of Plaintiffs' request for additional discovery after the close of the Notice deadline. Thus, the late production of discovery by CCF was due to the post discovery request of Plaintiffs and these arguments by Plaintiffs fail to support that the failure to disclose Dr. Kriegler's Declaration was justified or harmless.

Lastly, Plaintiffs argue that Dr. Kriegler's Declaration was more in the nature of a summary of the data disclosed in discovery as authorized by Fed. R. Evid 1006, as opposed to an expert opinion. Fed. R. Evid. 1006 reads in pertinent part:

> **(a) Summaries of Voluminous Materials Admissible as Evidence**. The court may admit as evidence a summary, chart, or calculation offered to prove the content of voluminous admissible writings, recordings, or photographs that cannot be conveniently examined in court, whether or not they have been introduced into evidence.

"When a summary is admitted pursuant to Rule 1006, the summary itself becomes substantive evidence for the trier of fact to consider." *United States v. Stone,* 852 F. Supp. 2d 820, 828 (E.D. Mich. 2012) citing *United States v. Bray,* 139 F.3d 1104, 1110 (6th Cir.1998).

The Court finds Fed. R. Evid. 1006 does not support Plaintiffs' argument. Fed. R. Evid. 1006 provides that a summary of evidence may be submitted as evidence. Dr. Kriegler's Declaration goes beyond a mere summary of the evidence and crosses into opinion territory by offering his conclusion that the underlying time records show a strong rounding in favor of CCF. Indeed, Plaintiffs refer to Dr. Kriegler's Declaration as an expert report and Dr. Kriegler as an expert witness, not merely a summary witness. A summary chart cannot be "annotated with the conclusions ... or inferences drawn by the proponent."*United States v. Campbell,* 135 F.4th 376, 394 (6th Cir. 2025). *Bray,* 139 F.3d at 1110.

Finally, Rule 1006 requires the party seeking to introduce the summary evidence demonstrate a proper foundation before its introduction. "To establish a proper foundation for the admission of a Rule 1006 summary, the proponent must demonstrate: (1) that the underlying documents are so voluminous that they cannot be conveniently examined in court; (2) the underlying documents have been made available for examining or copying at a reasonable time and place; (3) the underlying documents are admissible into evidence; (4) the summary is accurate and nonprejudicial; and (5) the summary must be properly introduced through the testimony of a witness who supervised its preparation." *United States v. Moon,* 513 F.3d 527, 545 (6th Cir.2008). Plaintiffs never attempted to establish a proper foundation prior to its introduction.

The Sixth Circuit has held that "to satisfy the 'made available' requirement, a party seeking to use a summary under Rule 1006 must identify its exhibits as such, provide a list or description of the documents supporting the exhibit, and state when and where they may be reviewed." *United States v. Jamieson,* 427 F.3d 394, 409 (6th Cir. 2005). " Additionally, Rule 1006 notice must be made in a timely manner." *United States v. Maike,* 613 F. Supp. 3d 991, 1008 (W.D. Ky. 2020) quoting *Jamieson,* 427 F.3d at 410–11.

Because Dr. Kriegler's Declaration was not previously disclosed to CCF, and Plaintiffs neither provided the proper notice nor established the proper foundation for its introduction and because it goes beyond a mere summary of the underlying data, it cannot be considered Rule 1006 evidence.

Based on all the above, Plaintiffs have failed to establish the failure to disclose was substantially justified or harmless.

Based on all of the above, the Court finds the Motion to Strike is well taken and grants the same.  However, because the parties have both suggested reopening discovery to permit the deposition of Dr. Kriegler, the Court will reopen discovery for that limited purpose.  The Court denies the Motion to Facilitate Court-Authorized Notice at this time subject to refiling.  The deposition of Dr. Kriegler will be conducted by January 31, 2026.  At that time, Plaintiff shall refile its Motion to Facilitate Court-Authorized Notice.  No later than January 31, 2026 Defendant shall file a notice with the Court whether it intends to retain a rebuttal expert or proceed to defend the refiled Motion without a rebuttal expert.  The Court will expedite ruling upon the full briefing on the refiled Motion.

**IT IS SO ORDERED.**

**DATE: 12/18/2025**

 s/Christopher A. Boyko  
**CHRISTOPHER A. BOYKO**  
**United States District Judge**